IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00685-WDM-CBS

HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE ,

    Plaintiff,

v.

VICKI R. CROWE,
ANY AND ALL OCCUPANTS CLAIMING AN INTEREST UNDER DEFENDANT(S),

    Defendants.

## ORDER OF REMAND

Miller, J.

    This case is before me on the Notice of Removal (doc no 1) filed by Defendant Vicki R. Crowe. Defendant Crowe removed this case to this Court on April 4, 2008 on the basis of diversity jurisdiction (28 U.S.C. § 1332) and federal question jurisdiction (28 U.S.C. § 1331), claiming that this case concerns the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692.

    This is not the first time that Defendant has removed the underlying state case (Arapahoe County District Court Case No. 2007CV200485) to this Court. Defendant previously removed the same case on December 3, 2007, where it was docketed in this Court as 07-cv-02506-WDM-CBS. Regardless of how Defendant seeks to style the nature of the case, my review of the state court pleadings leads me to the conclusion that this is a simple eviction action following a completed foreclosure whereby Plaintiff obtained title to the property formerly owned by Defendant Crowe. I remanded Case

No. 07-cv-02506-WDM-CBS on December 20, 2007 after concluding that this Court does not have jurisdiction and thereafter denied Defendant's motions to reconsider or to amend.

I note from the state court pleadings that the matter was set for a hearing on the Forcible Entry and Unlawful Detainer Action in the Arapahoe County District Court on April 4, 2008, the very day that Defendant again removed the case. Given that this case has already been removed and remanded once already, the removal is untimely, and Defendant is clearly on notice that jurisdiction is lacking in this Court, it appears that Defendant is using removal as a tactic to avoid and delay the adjudication of the underlying FED action. Defendant's effort to remove this case again may be an abuse of process and wastes the resources of this Court, as well as those of the state court.

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). I have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* at 352 (*quoting Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir.1986)). Restrictions that are limited to this federal district court and concerning the subject matter and parties that Defendant has previously involved in her abusive litigation are generally appropriate. *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). I conclude that restrictions on Defendant's filing activities may be necessary in light of this case and other similar cases removed to or filed directly in

2

this Court, all involving FED and foreclosure proceedings on various properties. *See* Case Nos. 07cv-2506-WDM-CBS, 07-cv-1987-WDM-CBS, 07-cv-2172-WDM-CBS, 07-cv-2293-WDM-CBS, 07-cv-2564-WDM-CBS, 08-cv-680-WDM-CBS.

Accordingly, it is ordered:

1. This case is remanded to the District Court, Arapahoe County, Colorado.

2. Defendant is directed to show cause on or before April 21, 2008 why (a) Defendant should not be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure for removing this action after I previously remanded it; and (b) why Defendant should not be enjoined from commencing or removing any *pro se* action in any federal district court within the Tenth Circuit against the persons, entities, and counsel of the parties involved in state court foreclosure and/or Forcible Entry and Detainer actions concerning the Defendant and those claiming an interest under her, including all parties in Case Nos. 07-cv-2506-WDM-CBS, 07-cv-1987-WDM-CBS, 07-cv-2172-WDM-CBS, 07-cv-2293-WDM-CBS, 07-cv-2564-WDM-CBS, 08-cv-680-WDM-CBS.

DATED at Denver, Colorado, on April 9, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge