IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00685-WDM-CBS

HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE ,

　　　　Plaintiff,

v.

VICKI R. CROWE,
ANY AND ALL OCCUPANTS CLAIMING AN INTEREST UNDER DEFENDANT(S),

　　　　Defendants.

## ORDER IMPOSING RESTRICTIONS ON PLAINTIFF'S FILING

Miller, J.

　　　　On April 9, 2008, based on a history of removing and directly filing cases in this Court concerning state foreclosure and forcible entry and detainer ("FED") proceedings, I ordered Defendant Vicki R. Crowe, a/k/a Vicki Dillard-Crowe, to show cause why she should not be sanctioned or restricted after she removed this case for a second time after remand.  In the order (doc no 5), I noted that Defendant had previously removed the underlying state court case, an FED action, in December 2007, but that I had remanded it shortly thereafter based on my determination that I did not have jurisdiction over the matter.  Defendant had then removed the case again on April 4, 2008, the same day that the FED hearing was scheduled to occur.

　　　　It is firmly established that the federal courts are "courts of a limited jurisdiction" and possess only that power granted by the Constitution and statute.  *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citations omitted).  I made clear to

Defendant in the original order remanding the case (Case No. 07-cv-02506-WDM-CBS, doc no 8) that jurisdiction was lacking. I reiterated that in my order (Case No. 07-cv-02506-WDM-CBS, doc no 18) denying her Amended Motion to Alter or Amend Pursuant to Rule 59(e) (Case No. 07-cv-02506-WDM-CBS, doc no 11). Defendant then filed a Motion to Reconsider (Case No. 07-cv-02506-WDM-CBS, doc no 19), which I denied on January 24, 2008 (Case No. 07-cv-02506-WDM-CBS, doc no 21), noting that the remand was complete and jurisdiction, again, was lacking.

Notwithstanding these clear advisements, Defendant again removed the underlying case based on the same kind of allegations and arguments as the first notice of removal and related filings. The timing of the second removal, the lack of changed circumstances in the interval, and the numerous previous orders informing Defendant that this Court did not have jurisdiction, all gave me reason to believe that Defendant's actions were for the purpose of delaying and avoiding the state FED hearing and hindering resolution of those proceedings.

Defendant filed a response (doc no 7) to my show cause order. In it she alleges that because she filed a "response" to my order denying her motion to reconsider in Case No. 07-cv-02506-WDM-CBS, she believed that this Court would somehow "intervene" in the pending state case. Response at 2. When that did not happen, she contends, she removed the case again. "The Defendant had no idea that there were any laws, statues [sic], case law or even any previous instruction from this court specifically prohibiting the Defendant from placing this matter back into Federal court." *Id*. Defendant's response does not show good cause for her conduct. Defendant was

clearly advised, on multiple occasions, that she did not carry her burden to demonstrate this Court's jurisdiction; without jurisdiction, I have no authority to adjudicate the matter and it must be heard in state court, regardless of Defendant's objections to that forum. Defendant had multiple opportunities to proffer facts sufficient to show jurisdiction, as she filed not only a motion to amend but also a motion for reconsideration, but in none of those pleadings did she adequately show that the requirements of either 28 U.S.C. § 1331 or § 1332 were satisfied. Although proceeding *pro se*, Defendant was repeatedly informed that the case belonged in state, not federal court, and so her alleged belief that the case would somehow be "called back" to this Court is unfounded. Defendant's remaining argument rests primarily on her bald assertion that she is entitled to have this matter heard in this court and on the merits of the underlying foreclosure action. In light of the timing of Defendant's second attempt to remove the case and her weak justification for doing so, I am not persuaded that Defendant removed this case again for any reason but to frustrate the ongoing state court proceedings in Arapahoe County District Court Case No. 2007CV200485. In addition, Defendant has given no indication that she will cease filing or removing cases similar to this one, despite being informed on numerous occasions that this Court is not empowered to decide them.

Based on the above, I conclude that Defendant has not shown cause why an order restricting her ability to file new *pro se* complaints, or removing cases from state court, concerning the parties and issues in her previously removed or filed cases

should not issue.

Accordingly, it is ordered:

1. Any *pro se* complaint or notice of removal submitted by Vicki R. Crowe, a/k/a Vicki Dillard-Crowe, and involving the persons, entities, and counsel of the parties involved in state court foreclosure and/or Forcible Entry and Detainer actions concerning the Defendant and those claiming an interest under her, including all parties in Case Nos. 07-cv-2506-WDM-CBS, 07-cv-1987-WDM-CBS, 07-cv-2172-WDM-CBS, 07-cv-2293-WDM-CBS, 07-cv-2564-WDM-CBS, 08-cv-680-WDM-CBS, shall not be accepted for filing until approved by a judicial officer of this court.

2. The tendered *pro se* complaint or notice of removal shall be accompanied by a petition seeking leave to file a *pro se* complaint containing the following information:

    a. A list of all law suits filed by Ms. Crowe in the United States District Court for the District of Colorado, which states for each case: (i) docket or case number; (ii) all parties; (iii) disposition of case; and (iv) current status.

    b. Identification of any party in the tendered complaint who was a party in a previous case filed by Ms. Crowe to be identified by previous case number; and

    c. Whether any claim of the tendered complaint had been included in a previous complaint to be identified by the previous case number.

3. The tendered complaint shall also be accompanied by an affidavit in proper legal form and notarized containing the following statements:

   a. The claims asserted in the tendered complaint have never been raised in any previous complaint in any federal or state court except as may be expressly noted;

   b. To best of her knowledge the claims are not frivolous or taken in bad faith, they are well-grounded in fact and warranted by existing law or a non-frivolous argument for extension, modification or reversal of existing law, that the factual contentions have evidentiary support and that the claims are not presented for any improper purpose such as to harass or unnecessarily delay or needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1927.

4. Ms. Crowe shall tender the filing fee or motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 at the time she tenders her complaint or notice of removal.

5. The tendered complaint or notice of removal shall comply with all provisions of the Federal Rules of Civil Procedure, including Rule 8(a), and the Local Rules of Practice of this court.

6. Upon receipt of the petition, affidavit, and tendered complaint or notice of removal, the Clerk of this court shall mark them received, create a miscellaneous case file, and immediately forward them to the assigned

5

judicial officer who shall determine whether the complaint or notice of removal shall be accepted for filing. If the court grants the petition, the Clerk shall cause the complaint to be filed as of the date of the court order. If the petition is denied the matter will remain lodged in a miscellaneous file, and the filing fee shall be returned to Ms. Crowe.

DATED at Denver, Colorado, on April 21, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge